UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| v. | § | 2:04-CR-0025 |
| | § | |
| WARREN DOUGLASS COBLE, JR. | § | |

**REPORT AND RECOMMENDATION TO DISMISS**
**"MOTION TO REDUCE SENTENCE PURSUANT TO § 3582(c)(2)"**

Came for consideration the Motion to Reduce Sentence Pursuant to § 3582(c)(2), which the Court construes as a Motion to Set Aside, Correct or Vacate Sentence Pursuant to 28 U.S.C. § 2255, filed by defendant WARREN DOUGLASS COBLE, JR., on September 13, 2010. For the reasons set forth below, defendant's motion is time-barred and it is recommended that the motion be DISMISSED.

I.
PROCEDURAL HISTORY

WARREN DOUGLASS COBLE, JR., federal prisoner no. 30654-177, appeared in the United States District Court for the Northern District of Texas, Amarillo Division, and pled guilty to a one count indictment charging a violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), possession with intent to distribute fifty grams or more of a mixture and substance containing a detectable amount of cocaine base. Accompanying the plea agreement was a factual resume setting forth the elements of the offense and containing admissions by Coble that he possessed 285.1 net grams of cocaine base and 86.5 net grams of marijuana.

Defendant's original sentence of 262 months was vacated and remanded on the parties' joint motion to vacate premised on the *Booker/Fanfan* decision. At re-sentencing, the district court sentenced defendant to a term of 240 months imprisonment with a five-year term of supervised release.

Defendant filed a notice of appeal on July 15, 2005, which was dismissed by the United States Court of Appeals for the Fifth Circuit on April 19, 2006. Defendant's petition for rehearing *en banc* was denied May 22, 2006, and mandate issued May 31, 2006.

On September 13, 2010, defendant filed the present Motion to Reduce Sentence Pursuant to § 3582(c)(2).

## II.
## DEFENDANT'S ALLEGATIONS

In his motion to vacate, defendant presents the following claims:

1. Defendant challenges his sentence based on crack or cocaine base, instead of cocaine;

2. the failure to show the quantity of the cocaine base,

3. the sentence "enhancement" based on his status as a career criminal,

4. the absence of notice from the Government of intent to seek enhancement, and,

5. Without contending that the Court relied on an abstract of judgment, defendant nevertheless attacks such reliance as a basis to justify sentencing under the Sentencing Guidelines as a career offender.

To support the attacks set forth above, defendant argues he was given a 262 month sentence for the possession of cocaine with intent to distribute and that the quantity of cocaine

base was never charged or proven to a jury beyond a reasonable doubt.  Defendant also argues the sentence exceeded the statutory maximum absent a showing of drug quantity or other sentence enhancing factors.  Defendant further argues that the government did not timely comply with the § 851(a)(1) notice requirement and, therefore, the district court did not have jurisdiction to enhance defendant's sentence under the recidivist provisions of § 841(b).  Defendant contends the Court could not rely on an abstract of judgment to justify sentencing enhancement under the Sentencing Guidelines Manual.

Defendant asks that his sentence be vacated and that he be immediately released or sentenced to 24-30 months based on 281.1 grams of cocaine and a resultant offense level of 17.

### III.
### § 3582(c)(2) AND § 2241

Defendant relies on 18 U.S.C. § 3582(c)(2)[1] as the sole basis for jurisdiction in this case; however, eligibility for consideration under this statute is triggered only by an amendment to the Sentencing Guidelines.  Defendant references no such amendment and has failed to show the Court has jurisdiction to grant his motion under § 3582(c)(2).  Moreover, plaintiff is incarcerated in El Reno, Oklahoma.  This Court is not the custodial court and does not have jurisdiction to determine whether defendant's claims are properly brought under § 2241 via the savings clause of § 2255.  *See Padilla v. United States*, 416 F.3d 424, 426 (5th Cir. 2005) ("Only the custodial

---

[1]Title 18 U.S.C. § 3582(c)(2) provides as follows:

(c) Modification of an imposed term of imprisonment.–The court may not modify a term of imprisonment once it has been imposed except that–
* * *
(2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

court has the jurisdiction to determine whether a petitioner's claims are properly brought under § 2241 via the savings clause of § 2255."); *Hooker v. Sivley*, 1876 F.3d 680, 682 (5th Cir. 1999).

The grounds asserted by defendant show the present action collaterally attacks his sentence in the underlying criminal case 2:04-CR-0025. It is clearly established within the Fifth Circuit that 28 U.S.C. § 2255 provides the primary means for collaterally attacking a federal conviction and sentence. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001)(citing *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000)).

As show below, construing this motion as brought under § 2255 does not afford plaintiff any relief.

IV.
STATUTE OF LIMITATIONS

Title 28 U.S.C. § 2255 establishes a one-year limitation period for filing a motion to vacate in federal court. That section provides:

(f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —

(1)   the date on which the judgment of conviction becomes final;

(2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3)   the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)   the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Defendant challenges his July 6, 2005 re-sentencing. In *Clay v. United States*, the Supreme Court held that, for federal criminal defendants who do not file a petition for writ of certiorari, a judgment becomes final, and the one-year period for limitations under the A.E.D.P.A. begins to run, when the time for seeking such review expires. *Clay v. United States*, 537 U.S. 522, 532, 123 S.Ct. 1072, 155 L.Ed.2d 88 (2003); *see also, United States v. Gamble*, 208 F.3d 536 (5th Cir. 2000). Supreme Court Rule 13 provides that, "[u]nless otherwise provided by law, a petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered by a state court of last resort or a United States court of appeals . . . is timely when it is filed with the Clerk of [the] Court within 90 days after entry of judgment." Supreme Court Rule 13.1.

Judgment on plaintiff's appeal of his re-sentencing was entered April 19, 2006. The one-year statute of limitations thus began to run on July 18, 2006, making defendant's motion to vacate due to be filed on or before July 18, 2007. As defendant did not file the instant motion to vacate until September 13, 2010, the motion is untimely.

## V.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence filed by defendant WARREN DOUGLASS COBLE, JR., be, in all things, DISMISSED.

## VI.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file marked copy of this Report and Recommendation to defendant and to each attorney of record by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 30th day of September, 2010.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).